IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

SCOTT D. ALEXANDER and
NANCY L. ALEXANDER,

Defendants.                                              No. 17-30111-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Pending before the Court in this closed criminal case is defendants' motion to modify order of restitution (Doc. 55). Despite as being titled as a "motion to modify order of restitution," the pleading does not seek to modify restitution but instead seeks to change the sentence of incarceration to home confinement as to Nancy. The government responded to the motion (Doc. 57). Based on the following, the Court dismisses for want of jurisdiction the motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are

allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack under 28 U.S.C. § 2255, which has a 1-year statute of limitations.

Here, defendants do not cite any case law or statute that would allow the Court to consider this motion. Moreover, Rule 35 is inapplicable because this motion is brought by defendants over two months after sentencings (August 24, 2018) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Reeves could bring this motion is a § 2255 collateral attack, which is a civil proceeding. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is unclear to the Court that defendants to pursue a collateral attack. Because the Court finds that defendants' motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** defendants'

motion titled "defendants' motion to modify order of restitution" (Doc. 55).

**IT IS SO ORDERED.**

**Judge Herndon**
2018.11.05 16:07:17
-06'00'

**United States District Court**